JOSIAH HINTON V. THE MORRIS COUNTY COÖPERATIVE SOCIETY.

WRITTEN CONTRACT, *Construed.* H. loaned a corporation duly organized under the laws of this state, two hundred dollars, and received from its authorized agent the following receipt and agreement:

"COUNCIL GROVE, KANSAS, May 17th, 1876.

"Josiah Hinton has this day paid into the grange agency the sum of two hundred dollars, to be used as conditional stock, with the agreement by the directors of the association that while it is used it shall have the same advantages as other stock, but that said Hinton can draw out said money at any time by giving thirty days' notice to the agent, in writing.     JAMES COFFIN, *Agent.*

"J. P. STOVER, *President.*"

*Held,* That H., after giving the notice required in said receipt, was entitled to a return from the corporation of the money so loaned.

*Error from Morris District Court.*

ACTION brought by *Hinton* against the *Morris County Cooperative Association,* to recover the sum of $200 by him loaned to said society. Trial at the April Term, 1877, of the district court, and verdict and judgment for the defendant. Plaintiff brings the case here for review.

*Bradley & Nicholson,* for plaintiff in error:

The most material error committed by the district court was the instruction given by the court to the jury "to find for the defendant." This was something the court had no right to do. Section 5 of the bill of rights of the constitution of Kansas provides that "the right of trial by jury shall be inviolate." Section 266 of chapter 80, Gen. Stat. of 1868, provides that "issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived or a reference be ordered." If the court can instruct the jury in a case like the one at bar to find for one of the parties, when the action is for the recovery of money and there is a plain question of fact for the jury to pass upon, then the right of trial by jury is not inviolate, and the section in the bill of rights.

and the section in the statute to which we have referred are nullities.

Against the action of the court in instructing the jury to find for the defendant, counsel cited: *Craft v. The State*, 3 Kas. 450; *Shed v. Augustine*, 14 Kas. 282; *Palmer v. Meiners*, 17 Kas. 478; *Newman v. Cincinnati*, 18 Ohio, 323; *Ash v. Barlow*, 20 Ohio, 119; *Blake v. Davis*, 20 Ohio, 231; *Robbins v. The State*, 8 Ohio, 131; Sedgwick on Stat. and Con. Law, 545.

*Johnston & Maloy*, for defendant in error:

The proposition upon which counsel seem to rest their greatest hopes for reversal is, that the district court erred in instructing the jury to find for the defendant. Only questions of fact are submitted to the jury under the laws of this state. With matters of law, they have nothing to do; this is the province of the trial judge alone. If, then, in the course of a jury trial, there is no disputed question of fact for the jury to pass upon, it is not only right, but it is the imperative duty of the trial judge to instruct the jury to find for either party with whom in his judgment the evidence is. In this case there was a written agreement, which the court considered the only evidence of what the contract was, and put his own interpretation upon it, by instructing the jury to find for the defendant. There was nothing for the jury to pass upon. The construction of the contract was a matter of law for the court. (2 Parsons on Contracts, 492, and note.) It has always been held that the construction of a written contract is for the court; and where the instrument contains no words requiring interpretation, courts will not leave the question of the intention of the parties to a jury. (*Railroad v. Velt*, 52 N. H. 379.) The case of *Palmer v. Meiners*, 17 Kas. 478, cited by plaintiff's counsel, is not in point. In that case there was a conflict of evidence as to the ownership of certain personal property. There was a disputed question of fact to be passed upon by the jury, and this court very properly sustained the court below in refusing to charge the jury to find

for the defendant. This court has frequently decided, but more recently in the case of *K. P. Rly. Co. v. Kunkel,* 17 Kas. 172, that the functions of the trial judge and jury are widely dissimilar; that the one has the same opportunities as the jury for forming a just estimate of the credence to be placed in the various witnesses, and if it appears to him that the jury have found against the weight of evidence, it is his imperative duty to set the verdict aside. By parity of reasoning, then, it follows that if the trial judge is convinced that the verdict should be for the defendant, it is his duty to so instruct the jury; for it would be folly to say that he has power to set aside a verdict rendered against his better judgment, but cannot instruct them to find in accordance with the law, under the evidence as he understands it. We claim it to be a correct rule ·of law, in determining whether an instruction to find for the defendant is properly given by the court, that·the plaintiff is entitled ·to have everything regarded as established by the testimony which the evidence tended to prove, on which his right to recover depends. *Stone v. Chicago & Northwestern Rld. Co.,* in Western Jurist (Iowa) for Nov. 1877, p. 655.

The opinion of the court was delivered by

HORTON, C. J.: This action was tried in the district court of Morris county, at the April term, 1877, on appeal from a justice of the peace of that county. The plaintiff in error complained that the defendant in error, a corporation duly incorporated under the laws of the state, was indebted to him in the sum of $200, for that much money had and received by the defendant from the plaintiff, which was loaned by plaintiff to defendant, at defendant's special instance and request. After both parties had offered their evidence and rested, the court instructed the jury to find for the defendant, which was duly excepted to. The jury having found for the defendant, in accordance with the instruction of the court, and judgment having been rendered thereon, the plaintiff has

brought the case here for review. At the time that the corporation received the money, the following receipt or contract was executed to plaintiff by a duly-authorized agent of the defendant, under its instructions and on its behalf:

"COUNCIL GROVE, KANSAS, May 17, 1876.

"Josiah Hinton has this day paid into the grange agency the sum of $200, to be used as conditional stock, with the agreement by the directors of. the association that while it is used it shall have the same advantages as other stock, but that said Hinton can draw out said money at any time by giving thirty days' notice to the agent, in writing.

"J. P. STOVER, *President.*        JAMES COFFIN, *Agent.*"

It was proved that more than thirty days before the action was commenced, the plaintiff notified the agent of the defendant in writing that he wanted his money, and demanded it back. Under these circumstances the ruling of the district court was erroneous, and the judgment must be reversed.

The court seems to have construed the receipt accepted by Hinton to mean that the money therein named was capital stock, the same as other stock, and that the lender had no right to withdraw his money, notwithstanding the agreement that the corporation was to pay it back on notice being given, as required by the terms of the receipt. Such a construction was unwarranted. The receipt plainly states that the plaintiff could draw out his money at any time by giving thirty days' notice to the agent, in writing; and when he complied with the terms of such receipt, he was clearly entitled to his money.. On the refusal to permit him to withdraw the same, his cause of action accrued, and under the proof it is evident that he should have recovered. The jury was misdirected, to the prejudice. of the plaintiff's rights. Whether the plaintiff is liable to creditors of the corporation on the ground that he is the holder of conditional stock, and whether creditors could have restrained the payment of this money to the plaintiff until their claims, if there were any, had been first satisfied, we need not now determine, as these questions are not in the case. This action is between the plaintiff and the

corporation alone.   It does not appear that the corporation is insolvent, nor that any valid defense was interposed to the claim sued on.

The judgment will be reversed, and new trial granted.

All the Justices concurring.